IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CHARLES RITCHARD, | § |
| Plaintiff, | § |
| v. | § Case No. 21-400-CV |
| AMY ANDERSON<br>in her individual and official capacity | § |
| and | § |
| OCEANA COUNTY BOARD<br>OF COMMISSIONERS,<br>in their individual and official capacities,<br>Defendants. | § |

## COMPLAINT AND JURY DEMAND

Plaintiff, Charles Ritchard, by and through his attorneys of record, alleges and complains of the following:

## NATURE OF ACTION

1. Plaintiff, Charles Ritchard, serves as the Chairman of the Oceana County Board of Canvassers. He was first appointed to the Oceana County Board of Canvassers in 2018 and has been the Chairman since 2020.

2. On February 27, 2021, Ritchard wrote a letter to Michigan Secretary of State Jocelyn Benson. As more thoroughly explained below, this letter expressed Ritchard's concerns about election integrity and congratulated Secretary Benson on her "initiative in addressing the deficiencies highlighted in our most recent election cycle."

3.     On April 28, 2021, Oceana County Clerk Amy Anderson informed Ritchard that she had suspended him from his duties as a Member and Chairman of the Oceana County Board of Canvassers. She explained that the reason she suspended him was because of his April 28, 2021 letter to Secretary Benson.

4.     Oceana County Clerk Anderson, by suspending Ritchard, punished him for exercising his First Amendment right in communicating on a matter of public concern to Secretary Benson. The actions of Anderson made clear that concerns about the electoral process and ballot integrity in Oceana County would be met with swift retaliation, thus chilling the speech of an entire county.

5.     Not only has Anderson retaliated against Ritchard, but she has also exceeded her authority as Oceana County Clerk. She acted outside the scope of her jurisdiction, and in an arbitrary and capricious manner, by suspending Ritchard. Anderson, therefore, violated Ritchard's procedural and statutory due process rights.

## JURISDICTION AND VENUE

6.     This action arises under 42 U.S.C. § 1983. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

7.     The injunctive relief sought in this action is authorized under 28 U.S.C. §§ 2201 and 2202, as well as Federal Rules of Civil Procedure 57 and 65.

8.     Venue in the Western District of Michigan is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this district and because this is the district in which Defendants reside.

## THE PARTIES

9. Plaintiff, Charles Ritchard, is the Chairman of the Oceana County Board of Canvassers. He is a resident of Hart, Oceana County, Michigan.

10. Defendant, Amy Anderson, is sued in her individual and official capacity as the County Clerk of Oceana County, Michigan. Anderson's office is located at 100 S. State Street, Suite M-1, Hart, Michigan 49420.

11. Defendant, Oceana County Board of Commissioners, "is the governing body and the major policy approval center for county government."[1] It is located at 100 S. State Street, Suite M-4, Hart, Michigan, 49420.

12. Defendants are acting under color of state law within the meaning of 42 U.S.C. § 1983.

## FACTUAL BACKGROUND

13. Under Michigan law, a "4-member board of county canvassers is established in every county in this state." MCL 168.24a(1). "Members of the board of county canvassers shall be appointed for terms of 4 years beginning on November 1 following their appointment. Of the members first appointed, 1 member of each of the political parties represented on the board of county canvassers shall be appointed for a term of 4 years and 1 for a term of 2 years." MCL 168.24a(7). The county board of commissioners elects the nominee for the board of canvassers. MCL 168.24c(3).

14. Ritchard was appointed to the Oceana County Board of Canvassers in 2018, after which he was approved by vote of the Oceana County Commissioners. In 2020,

---

[1] Oceana County Board of Commissioners Official Website, available at:
https://oceana.mi.us/government/board-of-commissioners/

Ritchard was appointed Chairman of the Oceana County Board of Canvassers. He has served with distinction since he has been on the Board and has had a successful term as Chairman.

15. On February 27, 2021, out of concern for Michigan's election process, Ritchard wrote a letter to Michigan Secretary of State Jocelyn Benson. This letter congratulated Secretary Benson on her "initiative in addressing the deficiencies highlighted in our most recent election cycle" and found common ground in securing "election integrity."[2] Ritchard discussed his own efforts to ensure the security of Michigan's elections by giving a March 2020 presentation on the "current state of elections in Oceana County to the Board of Commissioners," which discussed the "road map to restoring integrity."

16. Ritchard explained to Secretary Benson that he was "determined that the process within our county would be above reproach." To achieve those ends, he "became fully engaged in the election process and began to see the deficiencies in [Oceana] county and throughout the state." He started with an assessment of the role of the county board of canvassers. He noted that the institution, which "likely began as a solid check and balance," had "degraded over time to become nothing more than a rubber stamp."

17. He also protested the inaction by Secretary Benson's office. He noted that the necessary changes to election procedures, highlighted in the 2020 primaries, were exposed in the 2020 general election, which Ritchard described as "a complete

---

[2] Ritchard Letter, attached as Exhibit #1.

disaster for our state." He continued, stating that Secretary Benson's "mass mailings of absentee ballot request finished off any chance of election security."

18. Ritchard informed Secretary Benson that he was not trying to "place the total blame for our poor election" at her feet. He did state, however, that criticism was warranted for contracts that left "the entire system vulnerable." He observed that Secretary Benson's failure "to secure reciprocal agreements with every other state within the United States to ensure constant and up to date electronic voter files is inexcusable."

19. Ritchard also lamented the legislature's lack of leadership and its inability to take swift action, despite its promises to act. He stated that the legislature had failed to take measures prescribed by the Michigan Constitution. He appealed to Secretary Benson to take a proactive approach in solving these issues, stating: "I cannot, in good conscience, certify nor be a participant in another election as the Chairman or as a member of the Oceana County Board of Canvasses as long as you and the legislature remain disengaged in solving this crucial dilemma. There is no greater urgency going forward with all of our reputations at risk in the eyes of the electorate."

20. In closing, Ritchard voiced his optimism, stating:

> I believe that collectively we could attack this problem in a very rapid and bipartisan way before the next election. Other counties, where I have spoken, have expressed similar feelings and will be engaging this action as well. I look forward to your thoughts and response and will be copying other stakeholders as well. The time for action is NOW!

21. Secretary Benson did not respond to Ritchard's letter. Oceana County Clerk Amy Anderson responded two months later, in which she notified him that she took unlawful and retaliatory action.

22. On April 28, 2021, Ritchard received a letter from Anderson. In this letter she notified Ritchard: "that I am suspending you from your duties as Member and Chairman of the Oceana County Board of Canvassers. I will be recommending that the County Board of Commissioners remove you permanently from this position at their next meeting."[3] Anderson stated that her decision to suspend Ritchard was based on his letter to Secretary Benson. She accused Ritchard of violating his oath of office and said Ritchard's demands "have no statutory basis as they relate to your present position."

23. Anderson's letter also stated that she "will be recommending that the County Board of Commissioners remove you permanently from this position at their next meeting." She did not state the term of Ritchard's suspension and did not explain why this suspension was issued just over two months after Ritchard's letter.

24. Absent in Anderson's letter was a citation to her authority to suspend Ritchard. This is because she has none. A clerk's "powers and duties shall be provided by law."[4] Michigan law provides a county clerk with no supervisory authority over the corresponding board of county canvassers. Instead, "[t]he county clerk is the clerk of the board of county canvassers." MCL 168.24e(2). According to the Michigan Manual

---

[3] Anderson Letter, attached as Exhibit #2.
[4] Constitution of Michigan of 1963, Article VII § 4.

for Boards of County Canvassers, the county clerk "does not have a vote on the Board."[5]

25. On May 3, 2021, the Oceana County Board of Commissioners notified Ritchard that they were in receipt of Anderson's letter "where she suspended you from your duties as a member of the Oceana County Board of Canvassers."[6] This letter notified Ritchard that:

> Following Ms. Anderson's actions, an in-person hearing with the Oceana County Board of Commissioners, to discuss the matter and to determine if you will be permanently removed from the Oceana County Board of Canvassers, has been scheduled for May 13, 2021 at 10:00 a.m.

26. On May 5, 2021, there was a meeting of the Oceana County Board of Canvassers. Ritchard, the Chairman, arrived and was informed by Anderson that could not oversee the meeting as Chairman and had to sit in the visitor's section because he was suspended. Anderson could not state the authority that allowed her to suspend Ritchard. Anderson refused to state whether she was directed by another person to suspend Ritchard.

27. Present at the meeting was the sheriff and a deputy. They had never attended a meeting before and were apparently there to prevent Ritchard from acting in his lawful authority as Chairman. Anderson, without authority, attempted to run the May 5 meeting. If successful, she would have violated Michigan law because she did not have a quorum and would not have a bipartisan vote. Her attempt failed.

---

[5] Manual for Boards of County Canvassers, attached as Exhibit #3.
[6] Commissioners Letter, attached as Exhibit #4.

28.     As a result of the unlawful and retaliatory actions of Anderson, Ritchard has been unable to fulfill or execute his role as Chairman of the Oceana County Board of Canvassers. Anderson blatantly retaliated against Ritchard for his exercise of his First Amendment rights in conveying his concerns about election integrity to Secretary Benson.

COUNT 1
VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION
(42 U.S.C. § 1983) (Freedom of Speech: Retaliation)

29.     Plaintiff incorporates the above paragraphs as though fully set forth herein.

30.     The First Amendment provides: "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."[7] The First Amendment "applies to the States by virtue of the Fourteenth Amendment." *Board of Ed., Island Trees Union Free School Dist. No. 26 v. Pico*, 457 US. 853, 855 n. 1 (1982).

31.     "A plaintiff seeking to establish a case of retaliation for speech protected under the First Amendment must point to evidence sufficient to establish three elements: 1) the plaintiff engaged in constitutionally protected speech; 2) the plaintiff was subjected to adverse action or was deprived of some benefit, and 3) the protected speech was a substantial or a motivating factor in the adverse action." *Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 897 (6th Cir. 2001).

32.     Ritchard was appointed to the Oceana County Board of Canvassers in 2018. He was appointed Chairman of the Oceana County Board of Canvassers in 2020. As

---

[7] U.S. Const. Amend. I.

Chairman, Ritchard drafted the February 27, 2021 letter to Secretary Benson to make known his informed positions on election vulnerabilities and ballot security. This was protected speech and Ritchard was discussing matters of public concern. *See Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir. 1999).

33.    Oceana County Clerk Amy Anderson, in response, punished Ritchard for his protected speech. She cited his letter as basis for her issuing the suspension. She has chilled the free speech of any official or county employee who dares speak out. Additionally, this suspension was an illegal act. Michigan law does not give Anderson, a county clerk, the authority to suspend Chairman Ritchard. Acting under color of law as the Oceana County Clerk, Anderson has deprived Ritchard of his freedom of speech rights secured under federal law.

34.    Additionally, the Oceana County Board of Commissioners has wrongfully accepted Anderson's decision. This unlawful suspension might be made permanent by the Oceana County Board of Commissioners on May 13, 2021.

35.    As a direct result of Anderson's unlawful acts, Ritchard has been deprived of his right, as the duly-appointed Chairman of the Oceana County Board of Canvassers, to conduct and participate in at least one meeting. He is currently prohibited from conducting his official duties.

36.    Absent injunctive relief, Ritchard will continue to suffer irreparable harm because he will be precluded serving in his appointed capacity as Chairman of the Oceana County Board of Canvassers.

37. These violations of Ritchard's First Amendment rights are causing substantial, immediate, and continuing damage to Ritchard. As a direct and proximate result of these violations, Ritchard has sustained damages, and will sustain damages in the future, for diminished earnings capacity, a loss of his statutory position as Chairman of the Oceana County Board of Canvassers, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

### COUNT 2
### VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION
### (42 U.S.C. § 1983) (Substantive Due Process Violation)

38. Plaintiff incorporates the above paragraphs as though fully set forth herein.

39. The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law."[8] The due process clause "has both a substantive and procedural component." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012).

40. "Substantive due process . . . serves the goal of preventing governmental power from being used for purpose of oppression, regardless of the fairness of the procedures used." *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996) (internal quotation marks omitted). Interests protected by substantive due process "include those protected by specific constitutional guarantees," the "freedom from actions that shock the conscience," and fundamental interests rooted in our "traditions and conscience." *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003). "It also protects the

---

[8] U.S. Const. Amend. XIV, § 1.

right to be free form arbitrary and capricious government actions, which is another formulation of the right to be free from conscience-shocking actions." *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).

41. Anderson, acting under color of law, violated Ritchard's due process rights under the United States Constitution for the following reasons:

   a. Ritchard was lawfully appointed as Chairman of the Oceana County Board of Canvassers. He has a fundamental right – and statutory right – under Michigan law to retain that position.

   b. Anderson acted outside her jurisdiction and violated Michigan law by suspending Ritchard.

   c. Anderson's unlawful actions not only shock the conscious but are also arbitrary and capricious.

42. The Oceana County Board of Commissioners has violated Ritchard's substantive due process rights by accepting and relying on Anderson's arbitrary and capricious suspension of Ritchard, and by scheduling, without cause, a hearing on whether Ritchard will be permanently removed.

43. These violations of Ritchard's substantive due process rights are causing substantial, immediate, and continuing damage to Ritchard. As a direct and proximate result of Anderson's violations of Ritchard's constitutional rights, Ritchard has sustained damages, and will sustain damages in the future, for diminished earnings capacity, a loss of his statutory position as Chairman of the Oceana County

Board of Canvassers, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

### COUNT 3
### VIOLATION OF THE FIRST AMENDMENT TO THE U.S. CONSTITUTION
### (42 U.S.C. § 1983) (Procedural Due Process Violation)

44. Plaintiff incorporates the above paragraphs as though fully set forth herein.

45. Procedural due process protects "persons from deficient procedures that lead to the deprivation of cognizable liberty interests." *Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333-34, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir.2006).

46. The procedural due process right "requires that when a State seeks to terminate [a protected] interest … it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Bd. of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (*quoting Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)).

47. A liberty interest refers to more than just "freedom from bodily restraint but also [refers to] the right of the individual to contract, to engage in any of the common occupations of life." *Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972). Property Interests "are defined by existing rules or understandings that stem from an independent source such as state law – rules or understanding that secure certain

benefits and that support claims of entitlement to those benefits." *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (citations omitted).

48. Ritchard has been lawfully appointed and thus has a statutory right, and a property right, to serve as Chairman of the Oceana County Board of Canvassers. Anderson has violated Ritchard's right to procedural due process by:

  a. Depriving Ritchard of a protected interest without affording him any procedural rights.

  b. Suspending Ritchard without lawful authority.

  c. Suspending Ritchard without a hearing.

49. The Oceana County Board of Commissioners has violated Ritchard's procedural due process rights by accepting Anderson's decision to suspend Ritchard without a hearing or proper procedure.

50. At all times Defendants acted in their individual capacities and official capacities. Defendants These violations of Ritchard's procedural due process rights are causing substantial, immediate, and continuing damage to Ritchard. As a direct and proximate result of Anderson's violations of Ritchard's constitutional rights, Ritchard has sustained damages, and will sustain damages in the future, for diminished earnings capacity, a loss of his statutory position as Chairman of the Oceana County Board of Canvassers, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

## PRAYER FOR RELIEF

51. On all counts, Ritchard requests injunctive relief, restoring him as a member and Chairman of the Oceana County Board of Canvassers.

52. On all counts, Ritchard requests an award for damages in an amount to be determined at trial.

53. Ritchard further seeks an order precluding the Oceana County Board of Commissioners from conducting its hearing on May 13, 2021 pending the resolution of this matter.

54. Ritchard also seeks court costs and other reasonable expenses associated with this action, including reasonable attorney's fees as authorized under 42 U.S.C. § 1988.

## JURY DEMAND

55. Ritchard hereby demands a trial by jury.

May 12, 2021

*Gregory R. Todd*
Gregory R. Todd (P70978)
Polaris Law, PLC
700 Fulton Street, Suite A
Grand Haven, MI 49417
(616) 422-5291
greg@polarislawplc.com