IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RITCHARD,

    Plaintiff,

v.

AMY ANDERSON, *in her individual and official capacity*, et al.,

    Defendants.

_____/

Case No. 1:21-cv-400

HON. JANET T. NEFF

## PLAINTIFF'S AMENDED MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Plaintiff Charles Ritchard, Chairman of the Oceana County Board of Commissioners, by and through the undersigned counsel, and file this Amended Motion for Injunctive Relief and Memorandum of Law in Support Thereof, respectfully requesting the relief for the following reasons:

### FACTS

The facts relevant to this motion are set forth in the June 1, 2021 amended complaint ("Amended Complaint") filed in the above-captioned proceeding, and its accompanying exhibits, all of which are respectfully incorporated herein by reference. We present only a summary.

Plaintiff, Charles Ritchard, served as the Chairman of the Oceana County Board of Canvassers. He was first appointed to the Oceana County Board of

1

Canvassers in 2018, elected to a four-year term as Commissioner in 2019, and had been the Chairman since 2020.

On February 27, 2021, Chairman Ritchard wrote a letter to Michigan Secretary of State Jocelyn Benson. As more thoroughly explained below, this letter expressed Chairman Ritchard's concerns about election integrity and congratulated Michigan Secretary of State Benson on her "initiative in addressing the deficiencies highlighted in our most recent election cycle."

On March 15, 2021, Oceana County Clerk Amy Anderson informed Chairman Ritchard via e-mail that there would be a special election. Chairman Ritchard responded by e-mail that same day with questions about whether Anderson had received any instructions on corrective action by the Michigan Secretary of State and relayed his concerns about election security.

On April 9, 2021, Anderson e-mailed Lori Bourbonais, a member of the Michigan Department of State, complaining about Chairman Ritchard and his concerns, and asking whether he was required to certify the election or if he could be removed from his position. *See* Amend. Compl. Ex. 2 (April 9, 2021 Anderson-Bourbonais Emails). In response to these questions, Anderson was instructed by Bourbonais that Chairman Ritchard was not required to certify the election and that they were unaware of how to remove Ritchard from the Oceana County Board of Canvassers. *Id.*

Despite these warnings, Anderson went ahead and retaliated against Ritchard. She suspended Ritchard as Member and Chairman of the Oceana County Board of Canvassers with the knowledge that she had no legal authority to do so.

The Oceana County Board of Commissioners held a hearing on May 13, 2021, in which a majority of members voted to permanently remove Chairman Ritchard. They held this hearing and conducted this retaliatory vote without satisfying the substantive or procedural requirements to do so under the applicable statute, MCL § 46.11(n).

Oceana County Clerk Anderson and the Oceana County Board of Commissioners punished Chairman Ritchard for exercising his First Amendment rights in communicating on a matter of public concern. The actions of Anderson and the Oceana County Board of Commissioners made clear that concerns about the electoral process and ballot integrity in Oceana County would be met with swift retaliation, thus chilling the speech of public officials and employees state-wide. Anderson exceeded her authority as the Oceana County Clerk and acted outside the scope of her jurisdiction in an arbitrary and capricious manner. Anderson and the Oceana County Board of Commissioners also violated Ritchard's procedural and substantive due process rights under the United States Constitution and Michigan state law.

## DISCUSSION

### I.  Plaintiff Has Standing

To establish standing, Chairman Ritchard must show that:

> (1) [he] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Smith v. Jefferson County Bd. of School Com'rs,* 641 F.3d 197, 206 (6th Cir. 2011) (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000)).

First, Chairman Ritchard has suffered an injury-in-fact that is both concrete and particularized. Specifically, Chairman Ritchard was first suspended on April 28, 2021, from his position in retaliation for his First Amendment protected speech on matters of grave public concern. Then on May 13, 2021, Chairman Ritchard was permanently removed by the Oceana County Board of Commissioners.

Second, Chairman Ritchard's injury is traceable to Defendants' actions. As a direct and proximate result of Defendants' violations of Ritchard's constitutional rights, Ritchard has sustained damages, and will sustain damages in the future, for diminished earnings capacity, a loss of his statutory position as Chairman of the Board of Canvassers, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

Third, Chairman Ritchard's injuries may be redressed by this court through the grant of a preliminary injunction reversing the suspension and reinstating him to his position as Chairman of the Ocean County Board of Canvassers. This court can also provide declaratory relief finding Defendants' actions unlawful, unconstitutional and *ultra vires*, as well as order a permanent injunction

reinstating Ritchard to his position as Chairman for the remainder of his four-year term and permanently enjoining Defendants from taking such unlawful actions in the future. In addition, this court can award monetary damages to remedy financial harms, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

II.   <u>**Plaintiff Is Entitled to Injunctive Relief**</u>

To determine whether to grant a preliminary injunction or temporary restraining order, a district court must consider:

> (i) whether the movant has a strong likelihood of success on the merits; (ii) whether the movant would suffer irreparable injury without the injunction; (iii) whether issuance of the injunction would cause substantial harm to others; and (iv) whether the public interest would be served by the issuance of the injunction.

*City of Pontiac Retired Employees Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014). All elements are met here.

### A.   Plaintiff Has a Substantial Likelihood of Success.

Chairman Ritchard has a substantial likelihood of success for all three claims raised in the Complaint, namely, (1) violation of his First Amendment and Fourteenth Amendment rights to free expression; (2) deprivation of substantive due process; (3) deprivation of procedural due process; and (4) violation of MCL § 46.11(n).

#### 1.   Count 1: First and Fourteenth Amendment Claim

Ritchard was appointed to the Oceana County Board of Canvassers in 2018, elected in 2019, and then appointed Chairman of the Oceana County Board of Canvassers in 2020. As Chairman, Ritchard drafted the February 27, 2021, letter to

Secretary Benson to make known his informed positions on election vulnerabilities and ballot security. As Chairman, Ritchard asked Anderson about the equipment and methods used in the November 2020 election, asked if Oceana County had received any corrective action from the Secretary of State, and stated that the county could "not proceed without a written 8D/5 Why Problem Solving Report and guarantee to our electorate without any assurance." This was protected speech and Ritchard was discussing matters of public concern. *See, e.g., Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir. 1999) ("A matter of public concern involves a matter of political, social, or other concern to the community.") (citation omitted).

Defendant Anderson, in response, retaliated against Chairman Ritchard for his constitutionally protected speech. She cited his correspondence to her as the basis for her issuing the suspension, not any specific action or inaction on his part. Through her actions, she has chilled the free speech of any elected official or county employee who dares to speak out on matters of public concern. She has deprived Chairman Ritchard of his lawfully elected position on the Board of Canvassers. This suspension was an illegal act. Michigan law does not give Anderson, a county clerk, the authority to suspend Chairman Ritchard. Acting under color of law as the Oceana County Clerk, Anderson has deprived Ritchard of his freedom of speech rights secured under federal law. Anderson intentionally and knowingly violated the law, despite having been informed through her correspondence with Lori Bourbonais, that this action would be unlawful.

Additionally, the Oceana County Board of Commissioners, by accepting the suspension, by failing to comply with the substantive and procedural requirements of MCL § 46.11(n), and by voting to permanently remove Ritchard, unlawfully retaliated against him for communicating his election security concerns.

This is a textbook case of retaliation for speech protected by the First Amendment. To establish a First Amendment retaliation claim, a plaintiff must provide evidence demonstrating that:

> 1) the plaintiff engaged in constitutionally protected speech; 2) the plaintiff was subjected to adverse action or was deprived of some benefit, and 3) the protected speech was a substantial or a motivating factor in the adverse action.

*Brandenburg v. Housing Authority of Irvine*, 253 F.3d 891, 897 (6th Cir. 2001).

Chairman Ritchard's statements are protected speech because it is a matter of the greatest public concern. Election integrity and failure to properly administer election laws and protect voting rights are "issues about which information is needed or appropriate to enable the members of society to make informed decisions about the operation of their government." *Brandenburg*, 253 F.3d at 898. *See also Jackson*, 194 F.3d at 746 ("A matter of public concern involves a matter of political, social, or other concern to the community.") (citation omitted). While the issue has unfortunately become hopelessly politicized, it is hard to imagine any issue more central for citizens to make informed decisions about the operation of their government than information regarding the conduct of elections and voting rights. Without election integrity and free and fair elections, the democratic process and the ability of citizens to exercise their First Amendment rights to freedom of association, political speech, and to

petition the government for redress may be nullified. The contrary point of view – that public employees or even elected officials *must not question* election irregularities, upon a pain of removal from their position and/or loss of their livelihoods – is not one consistent with a democratic or republican form of government, or the First Amendment.

As a result, Chairman Ritchard was first suspended from his position by Anderson, and then was permanently removed by the Oceana County Board of Commissioners. Further, the only evidence in the record – Defendant Anderson's letter and the statements of the Oceana County Board of Commissioners – indicates that Chairman Ritchard's protected speech is the *only* factor motivating Defendants' decisions. The "government" here – the Defendants – have not articulated any legal basis or government interest in suspending Chairman Ritchard, apart from a conclusory statement that, in Defendant Anderson's view, his statements alone – and not any action or inaction, or any failure to perform a duty – violated his oath of office. Instead, the only interest apparent from Defendants' actions and threatened actions is in silencing criticism and to make an example of Chairman Ritchard to deter any future criticism from other public officials.

### 2. Count 2: Substantive Due Process

The Fourteenth Amendment's Due Process Clause provides that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV, § 1. The due process clause "has both a substantive and

8

procedural component." *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012).

Interests protected by substantive due process "include those protected by specific constitutional guarantees," the "freedom from actions that shock the conscience," and fundamental interests rooted in our "traditions and conscience." *Bell v. Ohio State Univ.*, 351 F.3d 240, 249-50 (6th Cir. 2003). "It also protects the right to be free form arbitrary and capricious government actions, which is another formulation of the right to be free from conscience-shocking actions." *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).

Anderson, acting under color of law, violated Ritchard's due process rights under the United States Constitution for the following reasons:

a. Ritchard was lawfully appointed as Chairman of the Oceana County Board of Canvassers. He had the right to be free from arbitrary and capricious government actions.

b. Anderson acted outside her jurisdiction and knowingly violated Michigan law by suspending Ritchard. These actions were arbitrary and capricious.

The Oceana County Board of Commissioners violated Ritchard's due process rights under the United States Constitution by acting in an arbitrary and capricious manner in permanently removing Ritchard. At a minimum, the board was required to comply with the due process requirements set forth in Michigan law for a county board to remove an officer, MCL § 46.11(n), which sets forth (1) the substantive

9

grounds for removal (incompetence, official misconduct, or habitual and willful neglect of duty) and (2) the procedures that must be followed prior to such removal (presentation of charges, written notice of the hearing, opportunity to be heard, and right to counsel).  The only written notice provided by the Oceana County Board of Commissioners to Chairman Ritchard was the May 3, 2021 letter, which provides no indication of the substantive grounds for removal or of his procedural rights; it simply provides notice of a hearing "to discuss the matter and to determine if you will be permanently removed …" Compl., ECF No. 1 Ex. 4.  The letter did not provide Chairman Ritchard notice of the charges against him as required by the U.S. Constitution's Due Process Clause or MCL § 46.11(n).

Chairman Ritchard has a fundamental right not to be deprived of, or removed from, his position as Chairman without due process or based on unlawful or unconstitutional governmental actions. Anderson violated Chairman Ritchard's substantive due process rights through arbitrary and capricious actions, as well as *ultra vires* attempt to remove Chairman Ritchard without the any authority to do so under Michigan law.  The Oceana County Board of Commissioners compounded Anderson's violations by accepting and relying on Anderson's arbitrary, capricious, and unauthorized suspension of Ritchard as grounds for permanently removing him as Chairman, without providing due process required under the U.S. Constitution or Michigan state law.

### 3. Count 3: Procedural Due Process Claim

Procedural due process protects "persons from deficient procedures that lead to the deprivation of cognizable liberty interests." *Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333-34, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir.2006).

The procedural due process right "requires that when a State seeks to terminate [a protected] interest ... it must afford 'notice and opportunity for hearing appropriate to the nature of the case' before the termination becomes effective." *Bd. of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (*quoting Bell v. Burson*, 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)).

A liberty interest refers to more than just "freedom from bodily restraint but also [refers to] the right of the individual to contract, to engage in any of the common occupations of life." *Bd. of Regents v. Roth*, 408 U.S. 564, 570 (1972). Property interests "are defined by existing rules or understandings that stem from an independent source such as state law – rules or understanding that secure certain benefits and that support claims of entitlement to those benefits." *Wojcik v. City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (citations omitted).

Chairman Ritchard has been lawfully appointed and thus has a statutory right to serve as Chairman of the Board of Canvassers. *See* MCL 168.24c (discussing the appointment of members of the board of county canvassers). Ritchard was lawfully appointed to serve as the Chairman of the Oceana County Board of Canvassers.

Defendant Anderson has violated Ritchard's right to procedural due process by:

a. Depriving him of a protected interest without affording him any procedural rights.

b. Suspending Ritchard without lawful authority.

c. Suspending Ritchard without a hearing.

The Oceana County Board of Commissioners has violated Ritchard's procedural due process rights by accepting Anderson's decision to suspend Ritchard and by failing to abide by Michigan law in removing Ritchard and in not providing Ritchard sufficient notice of the alleged charges.

These violations of Ritchard's substantive due process rights are causing, substantial, immediate, and continuing damage to Ritchard, for diminished earning capacity, the suspension of his statutory position as Chairman of the Oceana County Board of Canvassers, emotional distress, attorney's fees and litigation expenses, and damages to his professional future and reputation.

4. **Count 4: Violation of MCL § 46.11(n)**

The removal of an officer like Ritchard by a county board of commissioners is authorized under MCL § 46.11(n), which provides as follows:

> **46.11 Powers of county board of commissioners.**
> Sec. 11. A county board of commissioners, at a lawfully held meeting, may do 1 or more of the following:
>
> \*\*\*\*
>
> (n) Subject to subdivision (o), remove an officer or agent appointed by the board if, in the board's opinion, the officer or agent is incompetent to execute properly the duties of the office or if, on charges and evidence, the board is satisfied that the officer or agent is guilty of official misconduct, or habitual or willful neglect of duty, and if the misconduct or neglect is a sufficient cause for removal. However, an officer or agent shall not be removed for that misconduct or neglect unless charges of misconduct or neglect are presented to the county board of commissioners or the chairperson of the county board of commissioners, notice of the hearing, with a copy of the charges, is delivered to the officer or agent, and a full opportunity is given the officer or agent to be heard, either in person or by counsel.

MCL § 46.11(n) sets forth the substantive and procedural grounds for removal of an officer. The Oceana County Board of Commissioners violated the procedural requirements in so far as it failed to provide Chairman Ritchard any notice whatsoever of the charges against him in the May 3, 2021 letter. The May 3, 2021 letter is simply silent on the board's purported grounds for removal or regarding any alleged misconduct by Chairman Ritchard. Nor does the letter inform Ritchard of his procedural rights, in particular, his right to counsel.

The board also failed to comply with the substantive requirements of MCL § 46.11(n) insofar as it did not identify any of the statutory grounds for removal, namely, incompetence, official misconduct, or habitual or willful neglect of duty, and that the misconduct or neglect is a sufficient cause for removal. The May 13, 2021 board minutes recite Anderson's claims regarding his alleged violation of his duties and oath of office, but it does not identify any specific act that he took or failed to take

13

or any official duty of his office that he failed to fulfill. While it is not stated anywhere in the written record, it appears that both Anderson and the Oceana County Board of Commissioners relied on Chairman Ritchard's statement that he would not certify the May 4, 2021 special election as the claimed misconduct or neglect.

But his statement alone cannot amount to misconduct or neglect. Anderson knew, through her correspondence with Bourbonais, that Chairman Ritchard had no duty to certify the May 4, 2021 election. Further, whatever he may have stated regarding what he might or might not have done in the future, the fact of the matter is that he did not take any action whatsoever with regard to the May 4, 2021 special election. He was suspended by Anderson on April 28, 2021, and he was barred by Anderson from participation at the May 5, 2021 meeting of the Oceana Board of County Commissioners (which subsequently certified the election on May 6, 2021, where Anderson replaced Chairman Ritchard with temporary board member Hansen).

### B. Plaintiff Will Suffer Irreparable Harm in Absence of Injunction.

Plaintiff will suffer an irreparable harm due to the Defendants' violations of Chairman Ritchard's rights under the First and Fourteenth Amendment. In the Sixth Circuit, it is sufficient for a plaintiff show that his constitutional rights have been threatened, which creates a presumption of an irreparable injury:

> When Constitutional rights are threatened or impaired, irreparable injury is presumed. A restriction on the fundamental right to vote therefore constitutes an irreparable injury.

*Obama for America vs. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (citations omitted). *See also Am. Civil Liberties Union of Kentucky v. McCreary Cnty., Ky.,* 354 F.3d 438, 445 (6th Cir. 2003) *aff'd sub nom., McCreary Cnty., Ky., v. Am. Civil Liberties Union of Ky.*, 545 U.S. 844 (2005) (where a plaintiff's constitutional rights are at issue, the movant need only show that his rights are "threatened," from which showing "a finding of irreparable injury is mandated."); *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) ("[w]hen reviewing a motion for preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated.").

Chairman Ritchard has irreparable injury both from Anderson's unlawful suspension, and from the Oceana County Board of Commissioners' decision to permanently remove him from his position based solely on his protected speech. This injury was compounded through the Defendants' violations of his procedural and substantive due process rights under the U.S. Constitution and Michigan state law. Absent injunctive relief, Chairman Ritchard will continue to suffer irreparable harm because he will be precluded serving in his appointed capacity as Chairman of the Oceana County Board of Canvassers, not to mention the irreparable reputational harm of being forced out, and the resulting emotional distress from unlawful removal.

### C.     The Balance of Equities

The third factor, whether "the balance of the equities tips in his favor," *Husted*, 697 F.3d at 428 (*quoting Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)), also supports granting the instant motion for injunctive relief. In balancing the

15

equities, a court considering injunctive relief "must weigh the character and magnitude of the asserted injury" to the constitutional rights that the plaintiff seeks to protect "against 'the precise interests put forward by the State as justifications for the burdens imposed by its rule … .'" *Stein*, 222 F.Supp.3d at 543 (*quoting Burdick v. Takushi*, 504 U.S. 428, 434 (1992)). Here, the balance must tip into Plaintiffs' favor, as the Defendants have presented no justification, nor cited any statutory or legal authority, for its suspension and subsequent removal of Chairman Ritchard for expressing his informed opinion, within the scope of his knowledge and expertise, on a matter of great public concern.

### D. The Public Interest

Finally, the public interest would be served by the grant of the temporary relief requested herein. *See, e.g., Bays v. City of Fairborn*, 668 F.3d 814, 825 (6th Cir. 2014) ("it is always in the public interest to prevent the violation of a party's constitutional rights.") (citations and quotation marks omitted).

### Relief Requested

On all counts, Plaintiff requests injunctive relief, restoring him as a member and Chairman of the Oceana County Board of Canvassers. Plaintiff further requests that this court provide declaratory relief, finding that Anderson's suspension and the Oceana County Board of Commissioners' removal was unlawful, unconstitutional, and *ultra vires*.

                                              Respectfully submitted,

June 8, 2021

                                         */s/ Gregory R. Todd*
                                         Gregory R. Todd (P70978)
                                         Polaris Law, PLC
                                         700 Fulton Street, Suite A
                                         Grand Haven, MI 49417
                                         (616) 422-5291
                                         greg@polarislawplc.com