UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES RITCHARD,

    Plaintiff,

v.

AMY ANDERSON, *in her individual and official capacity*, et al.,

    Defendants.
_____/

Case No. 1:21-cv-400

HON. JANET T. NEFF

## ORDER

Plaintiff initiated this action against Defendants on May 12, 2021 with the filing of a Complaint (ECF No. 1). Plaintiff accompanied the Complaint with an ex parte motion for a temporary restraining order and preliminary injunction (ECF No. 2). On May 13, 2021, the Court ordered Plaintiff to provide a status report on the hearing scheduled for May 13, 2021 on his proposed removal from the Oceana County Board of Canvassers, which Plaintiff moved to enjoin (ECF No. 5). On May 17, 2021, Plaintiff provided a status report informing the Court that he would update his temporary restraining order request (ECF No. 6). Plaintiff then submitted an Amended Motion for Declaratory and Injunctive Relief on June 8, 2021 (ECF No. 13). Plaintiff's motion requests injunctive relief, that the Court restore him to the position of member and Chairman of the Oceana County Board of Canvassers, and a declaration that his suspension and removal were unlawful, unconstitutional, and ultra vires (ECF No. 13 at PageID.255). Defendant responded to the motion on July 9, 2021 (ECF No. 19).

Pursuant to Fed. R. Civ. P. 65 and for the reasons stated below, the Court determines that Plaintiff's request for preliminary injunctive relief is properly denied. In determining whether to

exercise its discretion to grant a request for a preliminary injunction, a district court should consider: "(1) whether the party moving for the injunction is facing immediate, irreparable harm, (2) the likelihood that the movant will succeed on the merits, (3) the balance of the equities, and (4) the public interest." *D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326 (6th Cir. 2019). "[W]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, the likelihood of success on the merits often will be the determinative factor." *Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689 (6th Cir. 2014) (quotation marks and citations omitted). "If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit." *D.T.*, 942 F.3d at 327.

At this stage, the Court finds that Plaintiff has failed to establish that he is facing an imminent injury and a substantial likelihood of success on the merits of his federal claims because Plaintiff was already removed from the Oceana Board of Canvassers and was removed after he communicated to the County that he would not fulfill his duties in an upcoming election. Because Plaintiff has not shown that he is facing an imminent injury and a likelihood of success on the merits of his claims that his constitutional rights will be abridged beyond constitutional limits, there is no need to grant relief now as opposed to at the end of the lawsuit. *D.T.*, 942 F.3d at 327; *McNeilly v. Land*, 684 F.3d 611, 620-21 (6th Cir. 2012). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Motion for Declaratory and Injunctive Relief (ECF No. 13) is DENIED.

Dated: July 15, 2021

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge